UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 1:20-cv-04735

| | |
|---|---|
| APL MICROSCOPIC, LLC and ANDREW PAUL LEONARD,<br><br>  Plaintiffs,<br><br>v.<br><br>PIXELS.COM, LLC and TIME USA, LLC,<br><br>  Defendants. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br>(INJUNCTIVE RELIEF DEMANDED) |

Plaintiffs APL MICROSCOPIC, LLC and ANDREW PAUL LEONARD, by and through their undersigned counsel, bring this Complaint against Defendants PIXELS.COM, LLC and TIME USA, LLC for damages and injunctive relief, and in support thereof states as follows:

1. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501, 1202.

2. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

3. Defendants are subject to personal jurisdiction in New York.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

5. Plaintiffs APL MICROSCOPIC, LLC ("APL") and ANDREW PAUL LEONARD, bring this action for violation of their exclusive rights under the Copyright Act to

copy, display, create derivative works and distribute APL's original copyrighted works of authorship, and for falsification of copyright management information.

6.     Andrew Paul Leonard ("Leonard") is an experienced professional photographer and micographer who makes a living from microscopic photography.  Unlike most photographers, Leonard's "cameras" are field emission scanning electron microscopes. Leonard uses these scientific tools to capture the splendor of a miniscule world beyond the normal range of human vision. Leonard has documented cells and cellular bodies with high contrast and special optical effects to illustrate the infinitesimally small. In the process, Leonard has created commercial products unlike any available in the photography market today.

7.     Leonard's images, which are assigned to APL, are highly desirable, particularly in the medical, pharmaceutical, and biological research industries. APL licenses Leonard's copyrighted works, such as the one in this case, to educational publishers, health care companies, and other medical institutions and businesses for use in connection with the study of biology and related fields.

8.     Leonard recently began successfully visualizing and photographing images of COVID-19 ravaged human nasal epithelial tissue. Leonard's images visualize the destructive effect the virus has on nasal and lung tissue. Leonard's work has helped physicians and scientists better understand the virus and its impact upon the human body.

9.     APL's images are unique and scarce.  Leonard is one of only a very few photographers who are capable of producing quality images of cells.  Few if any photographers besides Leonard have successfully captured a quality image of a bone marrow stem cell.

10. APL's images are in high demand. A good example is the image at issue in this case, Leonard's micrography of a bone marrow stem cell featured on the cover of Time Magazine's August 7, 2006 issue and by Time Magazine as one of "Best Photos" of 2006.

11. Defendant Pixels.com, LLC is an Illinois limited liability company with its principal place of business at 2202 Main Street, Santa Monica, California, 90405, and can be served by serving its Registered Agent, Mr. Sean T. Broihier, at the same addres.

12. Pixels owns and operates numerous print on demand websites including www.fineartamerica.com, www.1xondemand.com, www.bridgemanondemand.com, www.designerprints.com, www.licensing.pixels.com, www.mobileprints.com, www.pixels.com, www.scottlistfieldondemand.com, www.shopdeckthewallsart.com, www.shopforart.com, and www.shopthegreatframeupart.com.

13. In truth, Pixels is nothing more than a vehicle for the unlawful exploitation and infringement of valuable and iconic images like those owned by APL and created by Leonard. A large percentage of Pixels' business is copyright infringement plain and simple.

14. Pixels claims protection from the Digital Millennium Copyright Act, but its business fails to qualify as a service provider under 17 U.S.C. § 512(c).

15. Defendant TIME USA, LLC ("Time USA") is a Delaware limited liability company with its principal place of business at 225 Liberty Street, New York, New York, 10281, and can be served by serving its Registered Agent, CT Corporation System, at 28 Liberty Street, New York, New York, 10005.

16. Time USA is the current owner of the trademark for the American weekly news magazine and website called "Time."

17. The defendants recently announced that "TIME has selected Pixels to power their new e-commerce website and sell canvas prints, framed prints, metal prints, and wood prints of your favorite magazine covers! TIME joins hundreds of globally-recognized brands such as Sports Illustrated, Vanity Fair, The New Yorker, National Geographic, Vogue, Anne Geddes, and Major League Baseball that sell through Pixels.com and power their websites with Pixels.com technology." (See Exhibit 1). Included among the "favorite magazine covers" available for purchase in the form of "canvas prints, framed prints, metal prints, and wood prints" is the cover of the August 7, 2006 issue of Time Magazine shown below in Figure 1.

**Figure 1**
**Time Magazine, August 7, 2006**



18. Defendants are selling Plaintiffs' Work in numerous locations on the Internet including at https://timecoverstore.com/ and https://pixels.com/overview/lookbooks/time-covers.

19. The image of the bone-marrow stem cell shown on the cover of the August 7, 2006 issue of Time Magazine, referred to herein as the Work, was created by Leonard, is owned by APL, and is shown below in Figure 2. The Work was registered with the Register of Copyrights on December 20, 2007 and was assigned the registration number VA 1-426-177. The Certificate of Registration is attached hereto as Exhibit 2. APL is the owner of the Work by written assignment from Leonard.

**Figure 2**
**The Work, VA 1-426-177**

20. In 2006, Leonard, through his agent Photo Researchers, licensed the Work to the company that owned Time Magazine at the time of the publication of the August 7, 2006 issue of the Magazine for the limited use of the Work as the cover photo for that issue of Time Magazine, and for no other purpose.

21. Neither APL nor Leonard ever licensed the Work to Pixels or Time USA for the purposes for which the defendants are using the Work now, namely the making of "canvas prints, framed prints, metal prints, and wood prints."

22. In connection with the display, copying and sale of the Work defendants are falsely claiming ownership of plaintiffs' work by superimposing the name of their website "fineartamerica.com" on "full resolution previews" of plaintiffs' Work as shown in Figure 3 below.

**Figure 3**
**Screenshot showing "fineartamerica.com"**
**superimposed over a portion of the Work**



23. The sale of "canvas prints, framed prints, metal prints, and wood prints" of the August 7, 2006 issue of Time Magazine by defendants competes with APL and Leonard's fine art printing and licensing business at https://www.aplmicro.com/ where prints of APL's works, including the Work, are sold. (See Exhibit 3).

24. Neither defendant bothered to seek permission or license from APL or Leonard prior to embarking upon their latest venture selling "canvas prints, framed prints, metal prints, and wood prints" of the Work.

25. Neither defendant ever requested or received permission to place the "fineartamerica.com" watermark on the Work.

26. The Work is extremely rare and valuable. The Work is one of two of Leonard's works that were at issue in *Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 390 (3d Cir. 2016) (affirming jury verdict of $1.6 million in actual damages).

27. The defendants' continued exploitation and sale of the Work causes harm to APL and Leonard that cannot be addressed by damages alone.

28. Defendants purposefully disregard copyright law based on its misplaced belief that they are entitled to protection pursuant the DMCA safe harbor. Defendants are not entitled to safe harbor or other defense pursuant to 17 U.S.C. § 512 in this action. Defendants' business model facilitates and profits from rampant copyright infringement.

## COUNT I
## COPYRIGHT INFRINGEMENT

29. Plaintiffs incorporate the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. Plaintiffs own a valid copyright in the Work at issue in this case.

31. Plaintiffs registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

32. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiffs' authorization in violation of 17 U.S.C. § 501.

33. Defendants performed the acts alleged in the course and scope of its business activities.

34. Defendants' acts were willful.

35. Plaintiffs have been damaged.

36. The harm caused to plaintiffs has been irreparable.

## COUNT II
## FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION

37. Plaintiffs incorporate the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

38. Defendants knowingly and with the intent to enable or facilitate copyright infringement, provided CMI that is false in connection with the defendants' copying and display of the Work at issue in this action in violation of 17 U.S.C. § 1202(a).

39. Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Plaintiffs' rights in the Work at issue in this action protected under the Copyright Act.

40. Plaintiffs have been damaged.

41. The harm caused to Plaintiffs is irreparable.

WHEREFORE, the Plaintiffs APL Microscopic, LLC and Andrew Paul Leonard pray for judgment against Defendants Pixels.com, LLC and Time USA, LLC that:

    a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendants be required to pay Plaintiffs their actual damages and Defendants' profits attributable to the infringement, or, at Plaintiffs' election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Plaintiffs be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of their unlawful conduct;

e. Plaintiffs be awarded prejudgment interest; and

f. Plaintiffs be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: June 19, 2020                           Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN (JR0352)
joel.rothman@sriplaw.com
JOSEPH A. DUNNE (JD0674)
joseph.dunne@sriplaw.com
JONAH A. GROSSBARDT (JG5854)
jonah.grossbardt@sriplaw.com

**SRIPLAW**
125 Maiden Lane
Suite 5C
New York, NY  10038
929.200.8446 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff APL Microscopic, LLC*